UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM AVRAMIDES,

                  Plaintiff,

v.                            Case No. 8:17-cv-155-T-33JSS

GENESIS ELDERCARE REHABILITATION
SERVICES, LLC,

                  Defendant.

_____/

**ORDER OF REMAND**

This cause comes before the Court pursuant Defendant Genesis Eldercare Rehabilitation Services, LLC's Second Notice of Removal, which was filed on January 20, 2017. (Doc. # 1). For the reasons set forth below, the Court determines that it lacks subject matter jurisdiction and accordingly remands the action to state court pursuant to 28 U.S.C. § 1447(c).

**I.   Background**

Plaintiff Adam Avramides is a physical therapist. (Doc. # 2 at ¶ 6). Avramides worked for Genesis Eldercare from 2012, until his separation in June of 2016. (Id.). Avramides objected to signing off on patient notes at Genesis Eldercare when he did not personally examine the patient. (Id. at ¶ 15). Thereafter, Avramides's hours were reduced and he was terminated on June 26, 2016. (Id. at ¶¶ 17, 19).

On October 6, 2016, Avramides filed a one-count Complaint against Genesis Eldercare pursuant to the anti-retaliation provision of the Florida Private Whistleblower's Act, Fla. Stat. § 448.102(3), in the Circuit Court of the Sixth Judicial Circuit for Pasco County, Florida. (Doc. # 2). Genesis Eldercare effected its initial removal of this action on November 17, 2016, under case number 8:16-cv-3213-T-33AAS, predicating the Court's exercise of subject matter jurisdiction on complete diversity of citizenship.

After scrutinizing the Complaint and the Notice of Removal, the Court determined that Genesis Eldercare failed to demonstrate by a preponderance of the evidence that the amount in controversy requirement was satisfied. The Court accordingly remanded the case to state court on November 21, 2016. In its initial Order of Remand, the Court explained that, although Genesis Eldercare calculated backpay in the amount of $95,565.69, the amount of backpay was incorrectly premised on an anticipated trial date in November of 2017. The Court rejected Genesis Eldercare's argument because "the amount in controversy is determined at the time of removal and thus does not include post-removal back pay." <u>Terrell</u>

<u>v. Ascenda USA Inc.</u>, No. 8:16-cv-1965-T-33MAP, 2016 U.S. Dist. LEXIS 88781, at *3 (M.D. Fla. July 8, 2016).

In addition, the Court determined that Avramides's demand for compensatory damages was too speculative to satisfy Genesis Eldercare's burden at the notice of removal stage. See <u>Golden v. Dodge-Markham Co., Inc.</u>, 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998)(determining that the compensatory damages were too "nebulous" to be considered in proving, by a preponderance of the evidence, the jurisdictional amount). Furthermore, the Court found that Avramides's general demand for attorney's fees and costs, without any information about the actual amount sought, could not satisfy the amount in controversy requirement for diversity jurisdiction. The Court underscored that "only the attorney's fees accrued to the date of removal can contribute to the amount in controversy." <u>Keller v. Jasper Contractors, Inc.</u>, No. 8:15-cv-1773-T-23TBM, 2015 U.S. Dist. LEXIS 106110, *3 (M.D. Fla. Aug. 12, 2015). Finally, in determining that remand was appropriate, the Court warned that federal jurisdiction is limited, removal statues are narrowly construed, and all uncertainties are resolved in

favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

At this juncture, Genesis Eldercare has filed a Second Notice of Removal, this time attempting to establish the amount in controversy based on Avramides's responses to requests for admissions. Among other admissions, Avramides responded "Admit" to the following request: "Admit that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs." (Doc. # 1 at 7). Likewise, Avramides responded "Deny" to the following request: "Admit that the amount in controversy in this action is less than the sum or value of $75,000, exclusive of interest and costs." (Id.). Once again, and as explained in detail below, the Court sua sponte remands this action to state court after finding that Genesis Eldercare failed to demonstrate by the preponderance of the evidence that the jurisdictional amount is satisfied.

## II. Legal Standard

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction

4

over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Removal is proper if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000. Williams v. Best Buy, Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is also appropriate when an amended pleading, motion, or "other paper" establishes that the jurisdictional requirements are satisfied. 28 U.S.C. § 1446(b)(3).

## III. Analysis

As previously stated, the Complaint alleges damages "in excess" of $15,000 dollars. (Doc. # 2 at ¶ 1). Without any further specificity on damages, Genesis Eldercare, as the removing party, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). Here, Genesis Eldercare postulates that Avramides's admissions and denials made in response to discovery establish the amount in controversy. Such admissions certainly can carry the day when they are detailed and contain substantive factual information. However, the admissions and denials before the

5

Court are devoid of the kind of factual information that is necessary to make a jurisdictional finding.

The removing defendant bears the burden of establishing facts that support federal jurisdiction. See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 Fed. App'x 480, 481 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20.

As noted, responses to requests for admissions may certainly qualify as an "other paper" that can trigger the thirty-day removal deadline under 28 U.S.C. § 1446(b)(3). Parrish v. Sears, Roebuck & Co., No. 8:10-cv-1684-T-23MAP, 2010 U.S. Dist. LEXIS 89481, at *3 (M.D. Fla. July 30, 2010)(An "admission qualifies as an 'other paper' under 28 U.S.C. § 1446(b) and activates the thirty-day removal limitation."). But, Avramides's responses are lacking because "a plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient." Eckert v. Sears, Roebuck & Co., No. 8:13-cv-2599-T-23EAJ, 2013 U.S.

Dist. LEXIS 149561, *3 (M.D. Fla. Oct. 17, 2013).  There,

the court explained:

> The court has an obligation to determine that the
> requisite jurisdictional amount is satisfied and
> that inquiry is independent of the parties'
> assertions or desires to litigate in federal
> court. Allowing the parties to invoke jurisdiction
> by merely claiming in concert that the amount-in-
> controversy exceeds the jurisdictional requirement
> is tantamount to allowing the parties to consent
> to removal jurisdiction. Thus, although a
> plaintiff may stipulate to an amount less than the
> jurisdictional minimum to avoid removal, the
> converse is not true.  Jurisdiction cannot be
> assumed without further inquiry based on the
> plaintiff's stipulation that the plaintiff is
> seeking more.

Id. at *3-4 (internal citations and quotation marks

omitted).

Here, as in Eckert, Avramides's responses to requests

for admissions (1) offer no factual basis to support that

the amount in controversy requirement is satisfied; (2) are

nothing more than legal conclusions; and (3) fail to relieve

the removing defendant of the obligation to demonstrate

facts supporting the existence of federal subject matter

jurisdiction. Accord Wood v. Wal-Mart Stores, E. LP, No.

8:16-cv-3477-T-33AAS, 2016 U.S. Dist. LEXIS 178524, at *2

(M.D. Fla. Dec. 27, 2016)(remanding slip and fall action

when removal was predicated upon plaintiff's "admission"

that she alleged damages in excess of $75,000 because "jurisdictional objections cannot be forfeited or waived.")(citing Eckert, 2013 U.S. Dist. LEXIS 149561, at *3); Younkman v. Dillard's, Inc., No. 2:15-cv-361-FtM-99DNF, 2015 U.S. Dist. LEXIS 99734, at *6 (M.D. Fla. July 30, 2015) (noting that "a Notice of Removal must plausibly allege the jurisdictional amount, and the mere refusal to admit that the amount is less than $75,000 is insufficient.")(internal citation omitted); Martinez v. First Liberty Ins. Corp., No. 8:14-cv-3148-T-23AEP, 2015 U.S. Dist. LEXIS 69001, at *3 (M.D. Fla. May 28, 2015)(remanding breach of contract action when notice of removal was predicated on plaintiff's admission that the amount in controversy exceeded $75,000 and provided no factual basis in support of that legal conclusion).

Once again, Genesis Eldercare, as the removing party, has not shown by a preponderance of the evidence that the amount in controversy plausibly exceeds $75,000. Therefore, the Court remands the case to state court. See 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is remanded under 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. The Clerk is directed to remand this case to state court. After remand has been effected, the Clerk shall **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of January, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE